ANTHONY GOLDSMITH (SBN. 125621)
LAW OFFICES OF ANTHONY E. GOLDSMITH
20501 Ventura Blvd., Suite 272
Woodland Hills, CA 91364
Telephone:  (213) 471-2096
Facsimile:  (213) 596-8906
E-mail:  aegoldlaw@aol.com                                               JS-6

Attorneys for Plaintiff
CONNIE J. ARNOLD


ANTHONY M. AMOSCATO, ESQ. (SBN. 78977)
LAW OFFICES OF ANTHONY M. AMOSCATO
18321 Ventura Blvd., Suite 800
Tarzana, CA 91365
Telephone: (818) 609-7890
Facsimile: (818) 609-7758
E-mail: wavelaw@msn.com

Attorneys for Defendant
SAGEBRUSH CANTINA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE J. ARNOLD, an individual, | CASE NO. |
| Plaintiff, | CV 08-08393 DDP (SHx) |
| v. | CONSENT DECREE AND ORDER |
| SAGEBRUSH CANTINA, an entity of unknown form; and DOES 1 - 10, inclusive, | TRIAL DATE:  September 7, 2010 |
| Defendants. | |

## **CONSENT DECREE AND ORDER**

///

1. Plaintiff CONNIE J. ARNOLD filed this action on December 19, 2008 in the United States District Court: (i) to obtain injunctive relief and (ii) to recover damages for allegedly discriminatory experiences, denial of access, and denial of her civil rights against Defendant. Defendant operates a restaurant, bar and entertainment venue known as the Sagebrush Cantina and located at 23527 Calabasas Road, Calabasas, California 91302 (for purposes of this Consent Decree, the above described real property and all buildings and fixtures thereon shall be collectively referred to herein as the "Property" or the "Facility"). Sagebrush Cantina answered the Complaint on April 20, 2009.

2. Defendant and Plaintiff wish to settle the case in its entirety and therefore desire to enter into this Consent Decree. Defendant admits and agrees that the work to be completed pursuant to Paragraph 7 of this Consent Decree is and was (at all relevant times as set forth in the Complaint) "readily achievable" as defined and used in the Americans with Disabilities Act of 1990 (the "ADA"). However, the parties do not intend that this Consent Decree should in any way be used to serve as an admission that other work at the Property not specifically addressed in this Consent Decree is or is not "readily achievable" or otherwise required by the ADA or other federal or state laws or regulations. The parties hereby enter into this Consent Decree and Order for the purpose of resolving the lawsuit without the need for protracted litigation, and without any bearing as to the amount of damages and/or attorneys' fees to which Plaintiff may be entitled.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of Title 24 California Code of Regulations; California Health & Safety Code §19955 et seq., California Civil Code §51 and California Civil Code §§54 and 54.1.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the operative Complaint filed with this Court. Accordingly, the parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

5. WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF CLAIMS AS TO INJUNCTIVE RELIEF:**

6. The parties agree and stipulate that the corrective work to be performed hereunder shall be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 (the "CBC") and Americans with Disabilities Act Accessibility Guidelines (28 CFR Part 36, Appendix A), unless other standards are specifically and mutually agreed to in this Consent Decree and Order.

7. <u>Remedial Measures</u>: The corrective work agreed upon by the parties is attached hereto as **Exhibit "A"**. Defendant agrees to undertake all of the remedial work set forth therein.

8. <u>Timing of Injunctive Relief</u>: All of the work set forth and described in **Exhibit "A"** shall be completed on or before January 1, 2010. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief within the time frames specified, Defendant or their counsel will notify Plaintiff's counsel in writing within five (5) days of discovering the difficulties or reasons for delay. Defendant or its counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a work status report on or before December 1, 2009.

9. If Plaintiff contends any or some portion of the corrective construction work to be completed under Consent Decree has not been carried out pursuant to

the remedial measures as specified in Exhibit "A", Plaintiff will provide written notice to Defendant via its counsel detailing in what respects Plaintiff contends the Property is not compliant. Within fourteen (14) calendar days of receiving this notice, Defendant will respond to this notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within thirty (30) calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the parties are still not able to agree, they will submit the matter to the judge then assigned to the case.

**DAMAGES, ATTORNEYS FEES AND COSTS:**

10.     The parties have reached an agreement regarding Plaintiff's monetary claims, under which Defendant shall pay to Plaintiff $52,000 for Plaintiff's alleged personal physical injuries, alleged violations of her civil rights, physical and emotional distress, and statutory damages; as well as all of Plaintiff's alleged attorney fees, litigation expenses, and costs. Such payment shall be made to Plaintiff's counsel, via overnight delivery, upon the *earlier* of: (i) five (5) business days following the closing of the escrow currently pending for the sale of Defendant's restaurant business, or (ii) December 8, 2009. The payment shall be made by way of check made payable to "The Law Offices of Anthony E. Goldsmith in Trust for The Connie Arnold Special Needs Trust". Payment of this settlement amount shall resolve any and all monetary claims of any kind asserted, or which could have been asserted, by Plaintiff in connection with the lawsuit or the current condition or accessibility of the Property.

**DISMISSAL OF THE ACTION**

11.     Within five (5) business days of Plaintiff's counsel receipt of the settlement payment described in paragraph 10, Plaintiff's counsel shall execute, and send to Defendant's counsel via email or overnight mail, a Stipulation for

Dismissal of the action, which stipulation shall be subject to this Consent Decree. Once executed by Defendant's counsel, Plaintiff's counsel shall promptly file the Stipulation for Dismissal with the Court.

**ENTIRE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order and **Exhibit "A"** to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on all matters addressed herein and supersedes all prior agreements, written or oral. No other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein or otherwise.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

13. This Consent Decree and Order shall be binding on Plaintiff CONNIE J. ARNOLD and Defendant SAGEBRUSH CANTINA, as well as CALABASAS MINESHAFT, INC., DBA SAGEBRUSH CANTINA, LEONIS ADOBE ASSOCIATION, a California corporation, and the ROBERT L. McCORD III LIVING TRUST, and any of Defendant's successors in interest, heirs and assigns, or any of them, and each of their respective successors in interest, heirs and assigns or any of them; including, without limitation, any pending or future potential purchaser of the Sagebrush Cantina business.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order and each party hereby represents and warrants that they shall promptly inform each of their successors and assigns in a timely manner, including any person or entity acquiring an interest in the

Property or the business operated thereat of the terms of this Consent Decree and the fact that it shall be binding upon said successors and assigns.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

14.    Except for the obligations required in this Consent Decree, the parties to this Consent Decree, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all successors, assigns, trustees, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, and each of them, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the instant action and/or the incidents alleged therein and/or the current physical condition and/or accessibility of the Property, whether or not addressed in the instant action. Without limiting the generality of the foregoing, the release set forth herein shall be deemed to release to and apply to Defendant "Sagebrush Cantina" as well as the Robert L. McCord III Living Trust, Calabasas Mineshaft, Inc. dba Sagebrush Cantina, Leonis Adobe Association, a California corporation, and each of them, (as well as their successors, assigns, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, trustees, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives)  but to no other third party beneficiaries. Notwithstanding anything else set forth herein to the contrary, neither the release set forth herein nor any other provision hereof (or any provision or term of any other agreement or document) shall be deemed to release any party, person or entity from or waive any future claim or cause of action which Plaintiff  may have for: (i) any breach of the obligations set forth herein; (ii) any *future* acts, omissions, alterations or construction at or in connection with the Property or (iii) any claims or rights with respect to any

property, building or facility *other* than the Property; regardless of whether or not it is owned or operated by one of the persons or parties released hereby.

15. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the current condition and/or accessibility of the Property which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further claims or actions related to the *current condition* or accessibility of the Property that is the subject of the instant lawsuit; except those conditions caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the current condition of the Property and any or all improvements thereon, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**TERM OF THE CONSENT DECREE AND ORDER:**

16. This Consent Decree and Order shall be in full force and effect for a period of (10) months after the date of entry of this Consent Decree and Order, or until the injunctive relief and all other terms (including payments of moneys due)

1 contemplated by this Order are completed, whichever occurs later.  The Court
2 shall retain jurisdiction of this action to enforce provisions of this Order for ten
3 (10) months after the date of this Consent Decree, or until the relief and
4 obligations contemplated by this Order are complete, whichever occurs later.

**SEVERABILITY:**

6 17.    If any term of this Consent Decree and Order is determined by any court to
7 be unenforceable, all other terms of this Consent Decree and Order shall
8 nevertheless remain in full force and effect.

**ATTORNEYS FEES:**

10 18. In any action or proceeding brought to enforce the terms of this Consent
11 Decree and Order the prevailing party shall be entitled to an award of reasonable
12 attorneys' fees and costs.
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**SIGNATORIES BIND PARTIES**:

19. Signatories on the behalf of the parties to this action represent that they are authorized to bind the parties via this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: October __, 2009

_____
Plaintiff CONNIE J. ARNOLD


FOR "SAGEBRUSH CANTINA"
ROBERT L. McCORD, III LIVING TRUST

Dated: October __, 2009        By: _____
Timothy Corbet, Trustee of the
Robert L. McCord, III Living Trust

APPROVED AS TO FORM:

Dated: October __, 2009        LAW OFFICES OF ANTHONY E. GOLDSMITH


                               By:_____
                                   ANTHONY E. GOLDSMITH
                                   Attorneys for Plaintiff

Dated: October __, 2009        LAW OFFICES OF ANTHONY M. AMOSCATO


                               By:_____
                                   ANTHONY M. AMOSCATO
                                   Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: October 23, 2009        _____
                               HON. DEAN PREGERSON
                               United States District Court Judge